IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:14CR57-JAG |
| | ) | |
| CAMERON SCOT BIVINS-BREEDEN, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The United States and the defendant agree that the factual allegations contained in this Statement of Facts and in Counts One and Two of the Indictment are true and correct, and that the United States could have proven them beyond a reasonable doubt.

1.      On or about February 16, 2014, in the Eastern District of Virginia and within the jurisdiction of this Court, the defendant, CAMERON SCOT BIVINS-BREEDEN ("BIVINS-BREEDEN"), did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was intended to be transported in interstate commerce, and was transported in interstate commerce, and was produced using materials that had been mailed, shipped, and transported in interstate commerce, to wit: one (1) image labeled "1743619_625386777526713_486945734_n.jpg," in violation of Title 18, United States Code, Sections 2251(a)).

2.      Between on or about February 12, 2014, and on or about February 22, 2014, the defendant, BIVINS-BREEDEN, did use facilities and means of interstate commerce, *i.e.*, the Internet and cellular telephone networks, to knowingly persuade, induce, and entice an individual

1

who he believed to be 12 years old, to engage in any sexual activity for which any person can be charged with a criminal offense, *i.e.,* production of child pornography, as that offense is defined under Title 18, United States Code, Section 2251(a), in violation of Title 18, United States Code, Section 2422(b).

3. On or about February 12, 2014, D.D., a 12-year-old female, began communicating with BIVINS-BREEDEN, who was posing as a female on the Facebook social networking website using the screen name "Kelsye Danford." During all her communications with the defendant, D.D. resided in Washington State and the defendant resided in Virginia.

4. On approximately February 13, 2014, BIVINS-BREEDEN, posing as a 15-year-old female, said he lived in California. He asked D.D. her age, and she told him she was 12 years old. In an attempt to further his claim of being a 15-year-old female, the defendant sent D.D. a child pornography image depicting an identifiable female minor engaged in the lascivious exhibition of her genitals. BIVINS-BREEDEN asked D.D. to send him a photograph and D.D. sent a photograph of herself and two friends in bathing suits. BIVINS-BREEDEN said he was horny and asked D.D. if she masturbated. The defendant sent another child pornography image of the same identifiable juvenile female from the first photograph exposing her breasts and vagina. BIVINS-BREEDEN messaged D.D., "Lemme eat u out" and asked if D.D. ever had phone sex, to which D.D. replied no. BIVINS-BREEDEN sent a close up of a child pornography image depicting a juvenile girl masturbating. D.D. sent a photograph, of herself, in a bra with a bare midsection. BIVINS-BREEDEN said he wanted more, that he was in love with D.D.'s body, and again asked for another photograph. D.D. then sent a photograph of her backside wearing a bra and underwear. BIVINS-BREEDEN stated it turns him on and to "keep going." D.D. sent a photograph of herself in a bedroom in a black

bra with a bare midsection pulling down the top of her jeans.   The defendant responded, "take it off" and D.D. sent a child pornography image of herself in the black bra, with jeans pulled down to her ankles, and pulling down the top of her underwear, exposing her vagina.   The defendant responded, "pussy?" and sent D.D. an image of a close up of a vagina telling D.D., "you got me wet."   D.D. sent a child pornography image of her spreading apart her vagina and BIVINS-BREEDEN told D.D. not to stop, "I wanna taste" and to "get it wet."   D.D. sent a photograph of what appears to be juvenile female lying on a bed with her bare buttocks exposed. BIVINS-BREEDEN told D.D. to, "spread them" and "I'd eat u out all night."   The defendant sent a child pornography image depicting an identifiable minor female exposing her vagina. D.D. sent the defendant a photographic image of herself lying in bed with her legs spread exposing her vagina.   This image D.D. sent to the defendant constituted child pornography, specifically, the lascivious exhibition of the genitals.   BIVINS-BREEDEN stated, "rub it baby" and D.D. sent a child pornography image of her legs spread with her finger inserted into her vagina.   In response, BIVINS-BREEDEN asked to engage in phone sex.

5.   On or about February 14, 2014, BIVINS-BREEDEN asked D.D. to Skype and then initiated a Facebook telephone call lasting approximately 32 seconds.   D.D. could not hear the defendant during the call and BIVINS-BREEDEN said his microphone was broken. After BIVINS-BREEDEN repeatedly asked D.D. for photographs without receiving any, the defendant, in his "Kelsye Danford" Facebook persona, threatened to send the previous child pornography images D.D. had sent him to D.D.'s Facebook friends.   D.D. asked what BIVINS-BREEDEN meant and the defendant sent a screenshot of his telephone containing the Facebook chat messages previously described (see paragraph 4) with the child pornography images D.D. took of her vagina, the child pornography image of D.D. inserting her finger into

3

her vagina with the message from BIVINS-BREEDEN "rub it."   The screen shot further showed the Facebook profile picture of D.D., which appeared to be her face and her first name. BIVINS-BREEDEN stated he would post the aforementioned screenshot to D.D.'s whole school. D.D. stated she was sorry and asked the defendant not to post it as it would ruin her life. BIVINS-BREEDEN said in exchange for phone sex and more photographs of D.D. he would not post the images to her schoolmates.   In response, D.D. sent a child pornography image of a close up of her vagina and upper thighs to which BIVINS-BREEDEN told her to spread them and bend over.   BIVINS-BREEDEN initiated two separate Facebook calls to D.D. and confirmed he could hear her during the phone calls.

6.      From on or about February 16, 2014, to February 17, 2014, the defendant repeatedly asked D.D. to communicate.   When D.D. refused, BIVINS-BREEDEN stated he still had the photographs of D.D.   D.D. was distressed and repeatedly asked BIVINS-BREEDEN to delete them, get photographs from someone who wants to produce them, and to leave her alone. D.D. told BIVINS-BREEDEN that he made her feel scared.   After repeated demands to produce additional photographs and threats about posting photographs to her friends from the defendant, D.D. sent a pornographic image to the defendant that focused on her vagina and depicted D.D. using her fingers to spread apart her labia.   With that image D.D. wrote the defendant, 'Ok now im done delet [sic] all them and leave me alone." Instead of respecting her plea to be finally left alone, the defendant told D.D. to send another photograph of her whole body and face, and threatened to post photographs to her whole school if she did not comply. D.D. sent a child pornography image, which included D.D.'s face, of her lifting up her bra exposing her breasts and her naked body to include her vagina with the message, "now leave me alone."   D.D. responded she will not send any more photographs.   The defendant directed

4

D.D. to send a video via email.   D.D. said she did not have email, "I'm 12 u think I know how to use email?" to which BIVINS-BREEDEN responded, "We'll I guess ur screwed."   D.D. stated she will make three separate videos and send them to BIVINS-BREEDEN via Snapchat if afterwards he never contacted her again.   BIVINS-BREEDEN said it had to be more than four videos and told D.D. to "fuck herself" in the videos and not to stop.   The defendant provided the Snapchat username as "jennasliz."   D.D. responded saying that she had just sent five additional videos to him, in total she had produced over 20 for the defendant, and that she is done now and to forget her.

      7.     From February 20, 2014, to February 22, 2014, the defendant made several Facebook calls and sent messages to D.D.

      8.     On March 26, 2014, a search warrant was executed at the residence located at 6165 Botts Lane, King George, Virginia, 22485, the residence of BIVINS-BREEDEN's father. While executing the search warrant the defendant's father stated he paid for his son iPhone 4 cellular telephone utilizing number 540-940-****.   Shortly thereafter, BIVINS-BREEDEN arrived to the search location at 6165 Botts Lane and agreed to speak with law enforcement. After signing a Miranda Waiver Form and waiving his Miranda rights, BIVINS-BREEDEN informed law enforcement he used the iPhone 4 in his possession and also used an iPhone 5c. BIVINS-BREEDEN identified his telephone number as 540-940-**** stating that at no time has any other individual used either of his iPhone telephones.

      9.     BIVINS-BREEDEN further admitted he used SnapChat and Facebook on both of his iPhones and identified the Facebook account of "Kelsye Danford" as one of the accounts in which he posed as a female in order to entice juvenile females to produce child pornography.

The defendant also identified the SnapChat account username jennasliz as one he utilized to entice juvenile females to produce sexually explicit images.

10.     BIVINS-BREEDEN recalled messaging and calling the Facebook user previously identified as D.D.   The defendant reviewed chat messages and photographs sent and received by D.D. from on or about February 12, 2014, to February 22, 2014.   BIVINS-BREEDEN was aware D.D. was 12 years old and admitted he enticed her to produce child pornography images for him, and that in fact he believed the child pornography images he received of D.D. were in fact D.D.   Specifically, BIVINS-BREEDEN acknowledged threatening D.D. to produce child pornography images for him and that D.D. appeared unhappy in the child pornography image he enticed her to send on or about February 16, 2014.   The defendant believed the threats he made to D.D. actually scared her.   BIVINS-BREEDEN stated he was in Virginia during the communications between himself and D.D. from on or about February 12, 2014, through on or about February 22, 2014.

11.     Additionally, BIVINS-BREEDEN said it was easier to scare younger girls aged 12 to 14 to produce sexually explicit images than older girls.   The defendant estimated he had contacted over 100 juvenile victims over the internet.

12.     After conducting searches on the defendant's two iPhone's and his Facebook accounts, law enforcement have found a total of 38 juvenile victims that BIVINS-BREEDEN's enticed or attempted to entice to produce child pornography.   These victims ranged from 11 years old to 17 years old.   Moreover, of those 38 juvenile victims, nine victims (to include D.D.) produced a total of 47 child pornography images.   One of these juvenile victims was enticed by the defendant to produce eight child pornography videos, which included three videos of the victim using a banana to masturbate.   Additionally, as part of his scheme to convince the

6

juvenile victims he was in fact a female using Facebook, BIVINS-BREEDEN distributed a total of 95 child pornography images.    As part of his effort to entice and coerce juvenile victims into producing child pornography, the defendant would threaten and in some cases actually send the victims child pornography images to their friends, family, and classmates.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By:    _____
Erik S. Siebert
Assistant United States Attorney

7

I have consulted with my attorney regarding this Statement of Facts. I knowingly and voluntarily agree that each of the above-recited facts is true and correct and that had this matter gone to trial the United States could have proven each one beyond a reasonable doubt.

6 - 23 - 14
Date

Cameron Biins
Cameron Scot Bivins-Breeden
Defendant

I am counsel for defendant, CAMERON SCOT BIVINS-BREEDEN. I have carefully reviewed this Statement of Facts with him and, to my knowledge, his decision to agree to this Statement of Facts is an informed and voluntary decision.

6/23/14
Date

George Townsend
Counsel for Defendant

8