IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 3:14CR57-JAG |
| | ) | |
| v. | ) | |
| | ) | |
| CAMERON SCOT BIVINS-BREEDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' POSITION ON SENTENCING**

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, and Erik S. Siebert, Assistant United States Attorney, hereby submits its position with respect to sentencing.   The United States concurs with the Probation Officer's determination that the defendant's Total Offense Level is 42, his Criminal History Category I, rendering an advisory guideline range of 360 months to life on Counts One and Two.   *See* PSR, Part D.   By statute, however, the defendant's applicable range of imprisonment is 188 months to 360 months on Count One and 120 months to life on Count Two.   *Id.*   Pursuant to the factors contained in 18 U.S.C. § 3553(a) and by joint recommendation of parties, the United States recommends a sentence of 288 months imprisonment on Counts One and Two, to run concurrently.

**BACKGROUND**

On or about February 12, 2014, Cameron Scot Bivins-Breeden ("Bivins-Breeden"), a 20 year old man from King George County, Virginia, began communicating on Facebook chats with D.D., a 12-year-old female living in Washington State.   PSR ¶ 10.   During these communications, Bivins-Breeden posed as a 15-year old female using the screen name "Kelsye Danford."   *Id.*

On approximately February 13, 2014, Bivins-Breeden contacted D.D. again and they began to discuss their personal lives.   *Id.*   Bivins-Breeden, falsely representing that he lived in California, asked D.D. her age, and she told him she was 12 years old.   *Id.*   In an attempt to further his claim of being a 15-year-old female, the defendant sent D.D. a child pornography image depicting an identifiable female minor engaged in the lascivious exhibition of her genitals. *Id.*   Bivins-Breeden asked D.D. to send him a photograph and D.D. sent an image of herself and two friends in bathing suits.   *Id.*   Bivins-Breeden said he was horny and asked D.D. if she masturbated.   *Id.*   The defendant sent another child pornography image of the same identifiable juvenile female from the first photograph exposing her breasts and vagina.   *Id.* Bivins-Breeden messaged D.D., "Lemme eat u out" and asked if D.D. ever had phone sex, to which D.D. replied no.   *Id.*   Bivins-Breeden sent a close up of a child pornography image depicting a juvenile girl masturbating.   *Id.*   D.D. sent a photograph, of herself, in a bra with a bare midsection.   *Id.*   Bivins-Breeden said he wanted more, that he was in love with D.D.'s body, and again asked for another photograph.   *Id.*   D.D. then sent a photograph of her backside wearing a bra and underwear.   *Id.*   Bivins-Breeden stated it turns him on and to "keep going."   *Id.*   D.D. sent a photograph of herself in a bedroom in a black bra with a bare midsection pulling down the top of her jeans.   *Id.*   The defendant responded, "take it off" and D.D. sent a child pornography image of herself in the black bra, with jeans pulled down to her ankles, and pulling down the top of her underwear, exposing her vagina.   *Id.*   The defendant responded, "pussy?" and sent D.D. an image of a close up of a vagina telling D.D., "you got me wet."   *Id.*   D.D. sent a child pornography image of her spreading apart her vagina and Bivins-Breeden told D.D. not to stop, "I wanna taste," and to "get it wet."   *Id.*   D.D. sent a photograph of what appears to be juvenile female lying on a bed with her bare buttocks exposed.

2

*Id.*   Bivins-Breeden told D.D. to, "spread them" and "I'd eat u out all night."   *Id.*   The defendant sent a child pornography image depicting an identifiable minor female exposing her vagina.   *Id.*   D.D. sent the defendant a photographic image of herself lying in bed with her legs spread exposing her vagina.   *Id.*   Bivins-Breeden stated, "rub it baby" and D.D. sent a child pornography image of her legs spread with her finger inserted into her vagina.   *Id.*   In response, Bivins-Breeden asked D.D. to engage in phone sex.

On or about February 14, 2014, Bivins-Breeden asked D.D. to Skype and then initiated a Facebook telephone call lasting approximately 32 seconds.   *Id.*   D.D. could not hear the defendant during the call and Bivins-Breeden said his microphone was broken.   *Id.*   Afterwards, on Facebook chats, Bivins-Breeden repeatedly asked D.D. for photographs.   *Id.*   D.D. refused to send any more images.   *Id.*   In response, the defendant, in his "Kelsye Danford" Facebook persona, threatened to send the previous child pornography images D.D. had sent him to the victim's Facebook friends.   *Id.*   D.D. asked what Bivins-Breeden meant and the defendant sent a screenshot of his telephone containing the Facebook chat messages previously described above with the child pornography images D.D. took of her vagina, the child pornography image of D.D. inserting her finger into her vagina with the message from Bivins-Breeden "rub it."   *Id.*   The screen shot further showed the Facebook profile picture of D.D., which appeared to be her face and her first name.   *Id.*   Bivins-Breeden stated he would post the aforementioned screenshot to D.D.'s whole school.   *Id*.   D.D. stated she was sorry and asked the defendant not to post the images as it would ruin her life.   *Id.*   Bivins-Breeden said in exchange for phone sex and more photographs of D.D. he would not post the images to her schoolmates.   *Id.*   In response to these threats, D.D. sent a child pornography image of a close

up of her vagina and upper thighs to which Bivins-Breeden told her to spread them and bend over.   *Id.*

Following this first blackmailing episode, on or about February 16 and 17, 2014, the defendant repeatedly sent messages to D.D. asking her to communicate.   *Id.*   When D.D. refused, Bivins-Breeden stated he still had the photographs of D.D.   *Id.*   D.D. was distressed and repeatedly asked Bivins-Breeden to delete them, that she felt scared, and leave her alone. *Id.*   After repeated demands to produce additional photographs and threats about posting photographs to her friends from the defendant, D.D. sent a pornographic image to Bivins-Breeden that focused on her vagina and depicted D.D. using her fingers to spread apart her labia.   *Id.*   With that image D.D. wrote the defendant, 'Ok now im done delet [*sic*] all them and leave me alone."   *Id.*   Instead of respecting her plea to be left alone, the defendant told D.D. to send another photograph of her whole body and face, and threatened to post photographs to her whole school if she did not comply.   *Id.*   D.D. sent a child pornography image, which included D.D.'s face, of her lifting up her bra exposing her breasts and her naked body to include her vagina with the message, "now leave me alone."   *Id.*   D.D. responded she will not send any more photographs.   *Id.*   The defendant directed D.D. to send a video via email.   *Id.* D.D. said she did not have email, "I'm 12 u think I know how to use email?" to which Bivins-Breeden responded, "We'll I guess ur screwed."   *Id.*   D.D. stated she will make three separate videos and send them to Bivins-Breeden via Snapchat if afterwards he never contacted her again.   *Id.*   Bivins-Breeden said it had to be more than four videos and told D.D. to "fuck herself" in the videos and not to stop.   *Id.*   D.D. responded saying that she had just sent five additional videos to him, in total she had produced over 20 for the defendant, and that she is done

4

now and to forget her.   *Id.*   From February 20, 2014, to February 22, 2014, the defendant made several Facebook calls and sent messages to D.D.   *Id.*   D.D. did not respond.

On March 26, 2014, a search warrant was executed at the residence located at 6165 Botts Lane, King George, Virginia, 22485, the home of Bivins-Breeden's father.   *Id.*   While executing the search warrant the defendant's father stated he paid for his son iPhone 4 cellular telephone utilizing number 540-940-****.   *Id.*   Shortly thereafter, Bivins-Breeden arrived to the search location at 6165 Botts Lane and agreed to speak with law enforcement.   *Id.*   After signing a Miranda Waiver Form and waiving his Miranda rights, Bivins-Breeden informed law enforcement he used the iPhone 4 in his possession and also used an iPhone 5c.   *Id.* Bivins-Breeden identified his telephone number as 540-940-**** stating that at no time has any other individual used either of his iPhone telephones.   *Id.*   Bivins-Breeden further admitted he used SnapChat and Facebook on both of his iPhones and identified the Facebook account of "Kelsye Danford" as one of the accounts in which he posed as a female in order to entice juvenile females to produce child pornography.   *Id.*

Additionally, Bivins-Breeden recalled messaging and calling the Facebook user previously identified as D.D.   *Id.*   Bivins-Breeden was aware D.D. was 12 years old and admitted he enticed her to produce child pornography images for him, and that in fact he believed the child pornography images he received of D.D. were in fact D.D.   *Id.*   Specifically, Bivins-Breeden acknowledged threatening D.D. to produce child pornography images for him and that D.D. appeared unhappy in the child pornography image he enticed her to send on or about February 16, 2014.   *Id.*   The defendant believed the threats he made to D.D. actually scared her.   *Id.*   Bivins-Breeden said it was easier to scare younger girls aged 12 to 14 to

produce sexually explicit images than older girls.   *Id.*   The defendant estimated he had contacted over 100 juvenile victims over the internet.   *Id.*

After conducting searches on the defendant's two iPhone's and his Facebook accounts, law enforcement found a total of 38 juvenile victims that Bivins-Breeden's enticed or attempted to entice to produce child pornography.   *Id.*   These victims ranged from 11 years old to 17 years old and were located across the country—to include Arizona, Arkansas, New York, Texas, California, Washington, and Maryland.   *Id.*   Moreover, of those 38 juvenile victims, nine victims (to include D.D.) produced a total of 47 child pornography images.   *Id.*   One of these juvenile victims was enticed by the defendant to produce eight child pornography videos, which included three videos of the victim using a banana to masturbate.   *Id.*   Moreover, as part of his scheme to convince the juvenile victims he was in fact a female using Facebook, Bivins-Breeden distributed a total of 95 child pornography images.   *Id.*   In an effort to entice and coerce juvenile victims into producing child pornography, the defendant would threaten and in some cases actually send the victim's child pornography images to their friends, family, and classmates.   *Id.*

On April 15, 2014, Bivins-Breeden was charged in a two-count Indictment filed in the Eastern District of Virginia.   PSR ¶ 1.   In this Indictment, Bivins-Breeden was charged with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) (Count One) and Enticement of a Minor Using a Means of Interstate Commerce, in violation of 18 U.S.C. § 2422(b) (Count Two).   *Id.*   On June 23, 2014, in accordance with a written plea agreement, Bivins-Breeden appeared before the Honorable John A. Gibney and plead guilty to Counts One and Two.   PSR ¶ 3.   Defendant's sentencing was scheduled for September 22, 2014.   *Id.*

## POSITION ON SENTENCING AND ARGUMENT

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process.   First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range."   *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *Id.* (quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)).   In making this determination:

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of
>
> similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (*quoting* 18 U.S.C. § 3553(a)).

## A.    Nature and Circumstances of the Offense; Provide Adequate Punishment

In this case, Bivins-Breeden admitted to enticing 38 juvenile victims, ranging from 11 years old to 17 years old, to produce child pornography.   From those 38 victims, agents have identified nine girls who produced a total of 47 child pornography images.   As part of the criminal scheme, the defendant would contact victims from across the country via Facebook, all while posing as a 15 year old female.   To further this claim of being a juvenile female and to desensitize his victims, Bivins-Breeden re-distributed 95 child pornography images of past victims to targeted juveniles.   These images, coupled with the inappropriate sexual nature of the defendant's communications, allowed Bivins-Breeden to groom these vulnerable young girls to

7

future sexual advances.    Next, Bivins-Breeden would entice the victims to send nude images of themselves, frequently encouraging them to masturbate in the images.    In one case, the defendant induced a victim to produce a video of her using a banana to masturbate.    After certain victims refused to send additional images, Bivins-Breeden threatened to distribute child pornography images already obtained from them to their friends and family on Facebook.    As with D.D. and several others, the defendant actually carried out this threat by distributing child pornography images to the victim's friends, in some cases juvenile male classmates of the victims.    As expected, these despicable acts of blackmail by the defendant caused the victims severe distress.

Due to the widespread nature of the defendant's acts, the number of victims, and the vicious threats of blackmail to obtain additional child pornography images, the nature and circumstances of this offense require the United States to recommend a total sentence of 288 months imprisonment.

**B.      History and Characteristics of the Defendant**

Based on a lack of extensive criminal history, the defendant's young age, and his troubled background, the United States does not object to a downward variance by the defendant from a guideline range of 360-life.    First and foremost, the defendant is a 21 year old man with one prior misdemeanor conviction for possession of less than 10 grams of marijuana.    PSR ¶ 307. This young age and lack of criminal record, should justify a downward variance.    Second, by all accounts, the defendant had a difficult childhood.    In 2001, when the defendant was eight years old, his father molested his sister in his presence.    PSR ¶ 314.    Later in 2004, his father was arrested on federal narcotics charges, which lead to his incarceration until 2012.    *Id.*    During this period, the defendant resorted to using drugs and alcohol, expulsion from school, and

8

running away from home.   PSR ¶ 315.   The defendant was charged in several incidents as a juvenile but the Probation Officer has yet to obtain records due to the cases being under seal in Maryland.   PSR ¶ 306.

Bivins-Breeden has admitted to extensive use of alcohol, marijuana, MDMA, Xanax, Mushrooms, and Promethazine.   PSR ¶ 326.   Although he has attended two substance abuse treatment programs, they have both been unsuccessful.   PSR ¶ 328.

Based on the reasons stated above, the United States does not oppose a downward variance to 288 months imprisonment.

## C.   A Sentence Within the Guidelines Serves the Factors of ç 3553

### 1.   Seriousness of the Offense

The serious nature of Bivins-Breeden's actions in this case cannot be overstated.   To begin, over the course of a year, the defendant was able to contact almost 40 minors on Facebook all why keeping his true identity hidden.   Using only a social media application on his phone, the defendant was able to reach out to young girls with relative ease thousands of miles away. While causing 47 child pornographic images to be produced and 95 child pornographic images to be re-distributed, Bivins-Breeden exploited many young children for his own sexual and perverse gratification.   This ability to hurt so many victims in such a little time, with the perpetrator remaining in the shadows, should highlight the dangerous nature of this type of crime.

Likewise, the defendant's manipulative actions of flattery followed by the blackmail of minors, which include an 11 year old, cause this case to be elevated to a heightened level of seriousness.   Choosing young girls to prey on, Bivins-Breeden acknowledged he targeted these

victims aged 12 to 14 years old because they were easier to scare.   This cold-hearted disdain for the people he was affecting, many too young to understand the true nature of what they were even doing, suggest an especially sadistic mental state of the defendant.   As seen in his communications with D.D., Bivins-Breeden's vulgarity, persistence, and lack of concern for a 12 year old girl's well-being, show the serious nature of the defendant's acts.   Therefore, the United States recommends a sentence of 288 months imprisonment.

      2.    <u>Need to Deter Future Criminal Conduct</u>

Perhaps the most important aspect of this case is the impact it will have on other individuals exploiting children via the internet.   By imposing a sentence of 24 years on Bivins-Breeden, the Court would reinforce to other would be predators that targeting vulnerable children is not worth the risk.   Likewise, the Court would be sending a signal to the public that crimes involving children will not be tolerated and will be punished severely.   Therefore, in order to adequately deter future criminal conduct, the United States recommends a sentence of 288 months.

      3.    <u>Need to Protect the Public from the Defendant's Future Criminal Conduct</u>

In regards to defendant Bivins-Breeden in particular, due to the brazen nature of the criminal scheme he orchestrated—which included lying to victims, enticing juveniles to engage in sex acts, and manipulating victims through blackmail—he must be considered a dangerous individual.   Coupled with his instant offenses, the defendant's troubled background, also qualify him as a threat to public safety.   Therefore, in order to both deter the defendant from any future criminal conduct and to offer a sentence that is not greater than necessary to fulfill the purposes set forth in 18 U.S.C. § 3553(a), the United States recommends a sentence of 288 months imprisonment.

4.      Need to Avoid Unwarranted Disparities

The defendant in this case has a statutory sentence range of 188 months to life incarceration.    A sentence of 288 months would not present a disparity with similarly situated defendants who have been convicted of similar offenses.

**CONCLUSION**

For the foregoing reasons, the Government asks this Court to sentence the defendant to 288 months imprisonment.    The violent nature of his current offense, the need to promote respect for the law, the seriousness of his criminal conduct, and the need to protect the public from the defendant's future criminal conduct, all warrant this particular sentence.


Respectfully submitted,

Dana J. Boente
United States Attorney

By:      _____/s/_____
Erik S. Siebert
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
600 E. Main Street, Suite 1800
Richmond, Virginia 23219

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of September, 2014, I will electronically file the

foregoing with the Clerk of the Court using the CM/ECF filing system which will then send a

notification of such filing (NEF) to counsel of record.

George Townsend IV, Esquire
1 East Cary Street
Suite 202
Richmond, Virginia 23219


_____/s/_____
Erik S. Siebert
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
600 E. Main Street, Suite 1800
Richmond, Virginia 23219