IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA            ]
                                     ]
V.                                   ]            CRIMINAL NO. 3:14CR57
                                     ]
CAMERON S. BIVINS-BREEDEN            ]

DEFENDANT'S POSITION REGARDING SENTENCING

COMES NOW, the defendant, CAMERON S. BIVINS-BREEDEN, by counsel,

George A. Townsend, IV, pursuant to Rule 32 of the *Federal Rules of Criminal*

*Procedure* and § 6A1.3 of the *United States Sentencing Guidelines* (hereinafter U.S.S.G.)

and hereby represents that he has received and reviewed the Presentence Report

(hereinafter PSR) in the above case and states no objection.  Pursuant to the joint

recommendation of the parties and the sentencing factors of Title 18, United States Code

§3553(a) the defendant requests that the Court enter a sentence of 288 months

incarceration on Counts One and Two, to run concurrently.

I.  Relevant Sentencing Law

In United *States v. Abu Ali*, 528 F.3d 210, 259, 260 (4th Cir. 2008) the Court of

Appeals for the Fourth Circuit summarized the current sentencing framework:

> In *United States v. Booker,* 543 U.S. 220, 245, 125 S.Ct. 738, 160,
> L.Ed.2d 621 (2005), the Supreme Court rendered the Sentencing Guidelines
> "effectively advisory."  Nevertheless, district courts in the post-Booker landscape
> must follow specific steps to arrive at an appropriate sentence.
>         First, the district court must correctly calculate a defendant's sentence
> under the now-advisory guidelines.  *See Gall v. United States*, 552 U.S. 38, 128
> S.Ct. 586, 596, 169 L.Ed.2d 445 (2007) ("As a matter of administration and to
> secure nationwide consistency, the Guidelines should be the starting point and the
> initial benchmark.");  *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2465,
> 168 L.Ed.2d 203 (2007).  A sentence based on an improperly calculated guideline
> range will be found unreasonable and vacated.  *See Gall,* 128 S.Ct. at 597 (noting

1

that "improperly calculating" the applicable Guidelines range constitutes a "significant procedural error").

Next, the district court must allow "both parties an opportunity to argue for whatever sentence they deem appropriate." *Gall*, 128 S.Ct. at 596. In light of these arguments, the district court must then "consider all of the § 3553(a) factors," *id.*, keeping in mind the "overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," *Kimbrough v. United States*, 128 S.Ct. 558, 570, 169 L.Ed.2d 481 (2007) (quoting 18 U.S.C. § 3553(a)); *see also Gall*, 128 S.Ct. at 596 & n. 6. In so doing, the court "must make an individualized assessment based on the facts presented" and cannot "presume that the Guidelines range is reasonable." *Gall*, 128 S.Ct. at 596-97. If the sentencing court believes "an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 597.

Finally, the district court "must adequately explain the chosen sentence." Id. This "allow[s] for the meaningful appellate review" and "promote[s] the perception of fair sentencing." *Id.* Notably, if the court imposes "an unusually lenient or an unusually harsh sentence," it must provide "sufficient justifications" for its selection. *Id.* at 594; *see also Rita*, 127 S.Ct. at 2468 (stating "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has … a reasoned basis for exercising his own legal decisionmaking authority").

II.  Applying 18 U.S.C. § 3553(a)

Considering all of the relevant factors of Title 18 U.S.C. § 3553(a), a sentence of 288 months incarceration on each Count of conviction to run concurrently, would be "sufficient, but not greater than necessary" to accomplish the numerous goals of sentencing.

A.      The first set of factors to be considered to determine an appropriate sentence is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a).

The facts in this case have been recited and agreed by the defendant in the Statement of Facts that was signed and submitted to the Court, the PSR in pages 4-10,

2

and in the United States' Position on Sentencing.  He has agreed to the factual basis presented by the Government and accepted responsibility for those acts.

The "…history and characteristics of the defendant" 18 U.S.C. § 3553(a) reveal a young man with minimal criminal history who witnessed physical and emotional abuse of his mother and sexual abuse of his younger sister by his father.  PSR ¶¶ 308, 313, 314. The most significant male role model in any child's life taught his son, by his words and actions, to abuse and threaten women and girls.  At the time when a father is teaching a child life-long values, Mr. Bivins-Breeden's father was abusing the females closest to him.

As a consequence of misguided moral and value teachings, Mr. Bivins-Breeden turned to drugs as a form of self-medication.  PSR ¶ 326-328.  During the course of these offense, he was intoxicated and under the influence of illegal narcotics nearly every hour of the day.  PSR ¶ 327.

Given Mr. Bivins-Breeden's early childhood experiences, absence of serious criminal history, and permanent intoxicated state during these offenses, a downward variance to 288 months incarceration is justified.

B.      The second set of factors contemplated by 18 U.S.C. § 3553(a) discusses the "need for the sentence imposed."  While the offenses committed are without question serious and devastating for the victims and their families, a sentence of 288 months is a sufficiently lengthy period of incarceration.

This sentence will adequately serve to deter Mr. Bivins-Breeden and others from similar criminal activity.  This sentence would overwhelm any possible risk calculations

3

by the defendant or anyone else contemplating a similar scheme.  This sentence presents incarceration similar to the most serious of criminal offenses and treats it as such.

Without question, a sentence of 288 months imprisonment will protect the public for decades and allow for release of the defendant at a sufficient maturity to re-enter society under the terms of supervised release.

C.      The next factor deserving consideration under 18 U.S.C.C. § 3553(a) is "the need to avoid unwarranted sentence disparities."  While this case presents some similarities and some distinct factual patterns to other cases charged under the same statutes, the sentence is neither beyond nor below the sentencing norms.

For all the reasons sated by the defendant and the Government the recommended sentence of 288 months incarceration is sufficient, but not greater than necessary to accomplish the goals of sentencing and we request that the Court follow the recommendation.

Respectfully submitted,
CAMERON S. BIVINS-BREEDEN


By:_____
        Counsel

George A. Townsend, IV, Esquire
1 East Cary Street, Suite 202
Richmond, Virginia 23219
Tel.  (804) 782-0200
Fax  (804) 782-0115
VSB No. 41972

4

CERTIFICATE OF SERVICE

I do hereby certify that on the 19th day of September, 2014, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF filing system which will then send a notification of such filing (NEF) to counsel of record.

Eric Sean Seibert, Esquire
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia, Richmond Division
600 East Main Street, Suite 1800
Richmond, VA 23219
804 819-5400
eric.s.siebert@usdoj.gov


                                    /s/
                        George A. Townsend, IV, Esquire
                        1 East Cary Street, Suite 202
                        Richmond, Virginia 23219
                        Tel. (804) 782-0200
                        Fax (804) 782-0115
                        VSB No. 41972
                        georgeatownsendiv@verizon.net